BOARD OF SUP'RS OF SUNFLOWER COUNTY *v.* STATE EX REL. ROBERSON, ATTY. GEN.

[98 So. 593. No. 23653.]

(Division A. Jan. 7, 1924. Suggestion of Error Overruled Feb. 4, 1924.)

MANDAMUS. *Mandamus will not lie to compel county to pay salary of prosecuting attorney.*

Under section 3231, Code of 1906 (section 2533, Hemingway's Code), the attorney-general is not authorized to bring mandamus to compel the county to pay salary of county prosecuting attorney; such controversy not affecting the public interest.

Appeal from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Suit by the state, on the relation of Frank Roberson, attorney general, against the board of supervisors of Sunflower county. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

*Moody & Williams,* for appellant.

The board of supervisors fixed the salary of the county attorney in the following order: "It is ordered that the salary of B. B. Allen, county prosecuting attorney be, and the same is hereby fixed at eighteen hundred dollars per annum from and after this date, until the further order of this board."

In May, 1922, the said board undertook to reduce the salary of the said Allen from eighteen hundred dollars per annum to twelve hundred dollars per annum. Thereafter the claims of the said Allen for his salary at one hundred and fifty dollars per month were rejected by the board. The petition alleges that the state of Mississippi is vitally interested in the performance by the said Allen of his duties as county prosecuting attorney, and that it is essential to such performance that he be paid not less that eighteen hundred dollars per annum, and that a failure so to do will amount to a virtual abolition of the office. The court erred in overruling the demurrer of the defendant to the petition.

The petition and exhibits showed on their face that Allen had a full, complete and adequate remedy at law, without resorting to the extraordinary remedy of mandamus. He could have appealed from the order of the board refusing to allow his account as claimed, or he could have sued the county in a direct action. *Robinson et al.* v. *Board of Supervisors of Itawamba County,* 105 Miss. 90, 62 So. 3; *State Board of Education* v. *City of West Point,* 50 Miss. 638, 26 Cyc. 168.

The petition was not verified as required by law, and for that reason the demurrer should have been sustained. *C. S. Swan* v. *A. E. Gray,* 44 Miss. 393; *Hardee* v. *Gibbs,* 50 Miss. 802.

This suit was begun on the petition of the state of Mississippi, by Frank Roberson, Attorney General, under section 3231 of the Code of 1906 (Hemingway's Code, section 2533). The only class of cases in which the statute authorizes the state to file the petition is that class of cases where is involved "any matter affecting the public interest." We have here a difference of opinion between Mr. Allen and the board of supervisors of Sunflower county as to the value of his services, a matter in no way involving any question of public interest.

The most that Mr. Allen was entitled to was to institute a mandamus suit, if the statute is applicable to a term of office that had already ·commenced when it was adopted, to compel the board to fix his salary for the term. The general rule is that where a municipal body has fixed the compensation of an officer, its decision, in the absence of fraud or bad faith, is not subject to judicial review, unless such salary is fixed so low that no competent person would accept the office.    22 R. C. L. 531.

By his acquiescence in the order of May, 1920, with the proviso, "until further order of this board" he has waived the right to object.    28 Cyc. 528, 79 A. S. R. 384; *Levy* v. *Orlansky,* 111 Miss. 331.

In *Goetzman* v. *Whitaker, et al.,* 46 N. W. 1058, before the supreme court of Iowa it was claimed that the board of supervisors fixed the salary ·of one of the county attorneys at too low a figure, and they afterwards undertook to raise it.    The court held that after being fixed by the board it could not be raised or lowered by them.    The exercise of a power conferred by a statute exhausts the power of the municipal corporation.    *Gamble* v. *Witty,* 55 Miss. 26.    The allowance of a claim by a board of supervisors is a judicial act, and mandamus will not lie to control the amount allowed.    18 C. J. 1330-1331.

It is not contended that the services rendered are worth more than the one· hundred dollars per month that has been paid by appellant in this case.    If they had been that was a matter easily susceptible of accurate and exact proof, and none has been offered.    The legislature had to vest the discretion to fix the salary somewhere; they saw fit to vest that discretion in the board of supervisors; the board exercised that discretion, and· we respectfully submit that the order appealed from should be reversed, and judgment entered here dismissing the petition.

*H. C. Mounger,* for appellee.

To sum up, we contend that the Act of 1920, chapter 126, was in full force and effect when the salary of said Allen was fixed at eighteen hundred dollars at the May meeting, 1920; that the board afterwards had no right to reduce said salary during the term of office of the said Allen; that any attempted reduction was void; and that Allen is entitled to his salary at eighteen hundred dollars per year, payable monthly for the balance of his said term. That mandamus is the only plain, adequate and complete remedy.

The authorities bearing us out are numerous. *Hodnet* v. *Yalobusha County,* 91 So. 455; *Herbon Bank* v. *Lawrence County,* 109 Miss. 397, 69 So. 209; *Taylor* v. *Chickasaw County,* 70 Miss. 87, 12 So. 210; *Chatters* v. *Coahoma County,* 73 Miss. 351; *Ladner* v. *Tolbert,* 83 So. 748; *Taylor* v. *The State,* 83 So. 810.

The same remedy of mandamus was pursued in the *Wheatley case,* 113 Miss. 555, 74 So. 427; *Herbon Bank* v. *Lawrence,* 119 Miss. 397, 69 So. 209; L. R. A. 1916B 622; Ann. Cas. 1917E 410; *Ross* v. *Wimberly,* 60 Miss. 345; *Klein* v. *Smith County,* 54 Miss. 254; *Board of Supervisors* v. *Dean,* 82 So. 257, 259; *Board of Supervisors* v. *Pidgeon Thomas Iron Co.,* 114 Miss. 274, 75 So. 117.

In our case we contend that the payment of Allen's salary was simply a ministerial act, as the salary had once been fixed under the Act of 1920, it could not be changed, and the board had no discretion or judicial function to exercise. *Taylor* v. *Chickasaw County,* 70 Miss. 87, 12 So. 210; *Moro* v. *Grandi,* 114 Miss. 560, at 576, 75 So. 434; *Ross* v. *Wimberly,* 60 Miss. 345

There is not a plain adequate and *complete remedy at law. Southern States* v. *Whatley* (Ala.), 55 So. 620-621. 19 Cent. Dig. Eq., secs. 151-152; 26 Cyc. 172.

. Mandamus lies to compel the proper authorities to perform their official duties in paying salaries or claims

for services or issuing or signing warrants therefor, or orders therefor, where the right is clear and no other is provided by law. 26 Cyc. 266; *Swann* v. *Buck*, 40 Miss. 268-280; *Mattox* v. *The Board of Education* (Ga.), 5 A. L. R. 568 at 571.

Holden, J., delivered the opinion of the court.

This suit was begun on the petition of Frank Roberson, Attorney-General, seeking mandamus to compel the board of supervisors of Sunflower county to pay B. B. Allen, county prosecuting attorney, certain sums of money alleged to be due Allen for services rendered the county, and, from a judgment ordering the board to allow the amount claimed by the prosecuting attorney, this appeal is prosecuted by the board.

Several grounds are presented for reversal, but we think it unnecessary to notice but one, which will dispose of the appeal, and that is whether or not the attorney-general was authorized to institute the suit under section 3231, Code of 1906 (section 2533, Hemingway's Code), which provides that the attorney-general may petition for mandamus "in any matter affecting the public interest." The appellant, board of supervisors, argues that the question of payment of a balance alleged to be due to a county attorney is not a matter affecting the public interest, warranting the bringing of a suit by the attorney-general.

The controversy between the board and the county attorney as to whether or not the board was lawfully bound to pay the county attorney a certain salary per month for his services, we do not think was such a matter affecting the public interest as would authorize a suit by the attorney-general on the part of the state against the county.

Whether the claim of the county attorney was legal and just, or whether the board had failed to pay the full amount due the county attorney, could in no way, as we

see it, materially affect or injure the public interest. It is not shown that the controversy, or the failure of the board to pay the amount claimed, clogged the wheels of the county government machinery or impaired its functioning in any appreciable way.

Generally speaking, in suits where a county is involved the attorney-general is more frequently seen representing the county.

*Reversed and dismissed.*